**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CAROLYN THOMPSON, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | Jury Trial Demanded |
| DYNAMIC RECOVERY SOLUTIONS, | § | |
| LLC, | § | |
| Defendant. | | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1.     This is an action for damages brought by Plaintiff Carolyn Thompson ("Plaintiff"), an individual, for Defendant Dynamic Recovery Solutions, LLC's ("Defendant") violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2.     Plaintiff seeks to recover monetary damages for Defendant's violations of the FDCPA.

3.     Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

### JURISDICTION AND VENUE

4.     Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

6.      Plaintiff is a natural person residing in the State of Texas, County of Harris, and City of Spring.

7.      Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

8.      Defendant is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

11.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13.      In connection with the collection of an alleged debt in default from Plaintiff, Defendant, by and through its agent and/or employee "Mrs. Craven," placed a call to Plaintiff's mother's residence on November 28, 2012 at 10:48 A.M., and at such time, left the following voicemail message:

> Hi this is Mrs. Craven.  I'm trying to reach you today in regards to a personal matter in our office.  Please give us a call back as soon

as you get this message as it is important. You can reach me at 866-421-4920 again the number is 866-421-4920. I appreciate your prompt attention—attention to this. I also must tell you that this is an attempt to collect a debt and any information obtained will be used for that purpose. Thank you.

14.     Defendant did not have Plaintiff's prior consent to contact Plaintiff's mother regarding the debt.

15.     Upon information and good-faith belief, Defendant did not have the express permission of a court of competent jurisdiction to contact Plaintiff's mother regarding the debt.

16.     Upon information and good-faith belief, Defendant's communication with Plaintiff's mother was not reasonably necessary to effectuate a postjudgment judicial remedy.

17.     In connection with the collection of an alleged debt in default from Plaintiff, Defendant called Plaintiff's cellular telephone number on January 12, 2013, and at such time, left the following voicemail message:

We have this as a contact number regarding a matter in our office. If you would please contact our office as soon as possible, it's very important. Our number here is 866-423-0508, again that number is 866-423-0508. I'm also required to infirm you that this is an attempt to collect a debt and any information obtained will be used for that purpose. Call us back as soon as possible.

18.     Defendant's voicemail messages failed to meaningfully disclose its identity to Plaintiff.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(b)**

19.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

20.     Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d(6)

21. Plaintiff repeats and re-alleges each and every factual allegation contained above.

22. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls in connection with the collection of a debt, without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)   Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

23.      Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 21st day of January, 2013.

By: s/Joseph Panvini
Joseph Panvini
Southern District Bar No. 1572837
WEISBERG &MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
Telephone: (888) 595-9111 ext. 125
Facsimile: (866) 565-1327
jpanvini@AttorneysForConsumers.com

*Attorney for Plaintiff*
CAROLYN THOMPSON